**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT MORIAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:26-00110 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| ABM INDUSTRIES, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

Petitioner Robert Morian ("Petitioner" or "Morian") commenced this action against Respondent ABM Industries, Inc. ("Respondent" or "ABM"), seeking to confirm the arbitration award entered in his favor by Arbitrator James Carney on January 20, 2026. (Doc. 1). Defendant has filed a Motion to Vacate the arbitration award. (Doc. 10).[1] For the reasons that follow, Respondent's Motion to Vacate the arbitration award will be denied, and Petitioner's Petition to confirm the award will be granted.

### A. Background

ABM sells and delivers heating, ventilation, and air conditioning ("HVAC") equipment and systems. Morian was employed by ABM's predecessor in 2005 as a project salesperson at the age of 57. ABM terminated Morian's employment on October 4, 2021, at the age of 72. ABM's articulated reason for the termination decision was Petitioner's failure to meet his sales goals. *See* Doc. 1-2 (Interim Award) at 5-6.

---

[1] The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

On or about December 12, 2015, the parties entered into a "Mutual Arbitration Agreement." Petition (Doc. 1) Ex. 1. In so doing, the parties agreed to final and binding arbitration of any Covered Claim before a single, neutral arbitrator, to be conducted according to the American Arbitration Association ("AAA") Employment Arbitration Rules and Mediation Procedures and in compliance with the Federal Arbitration Act ("FAA"). Id. ¶¶ A-C.

On or about August 29, 2022, Morian filed a Demand for Arbitration against ABM alleging age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* ("PHRA"). Following a four-day hearing, on April 26, 2025, Arbitrator Carney entered an Interim Award in Morian's favor on his age-discrimination claim. Pet. Ex. 2. The Award was finalized on January 20, 2026, and awarded Morian: $326,501 back pay; $140,376 front pay; $50,000 compensatory state damages; $560,692.50 attorney's fees; $7,416.18 costs; and $7,112.44 prejudgment interest, for a total of $1,092,098.12. *See* id. ¶ 26 & Exs. 17, 20, 33. On that same date, Morian filed the instant Petition to Confirm with this Court. (Doc. 1).

ABM filed its Motion to Vacate on February 25, 2026. (Doc. 10).

**B. Analysis**

Review of arbitration awards under the FAA is "extremely deferential." Metromedia Energy, Inc. v. Enserch Energy Servs., 409 F.3d 574, 578 (3d Cir. 2005). "There is a strong presumption under the [FAA] in favor of enforcing arbitration awards." Brentwood Med. Assoc. v. United Mine Workers, 396 F.3d 237, 241 (3d Cir. 2005). Thus, "an award is presumed valid unless it is affirmatively shown to be otherwise, and the validity of an award is subject to attack only on those grounds listed in [Section 10 of the FAA]." Id. Section 10(a) permits the Court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators . . .;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Arguably, a district court may also vacate an award if the arbitrators displayed "manifest disregard" of the law.[2] Price v. La Grange Acquisitions, No. 2:23CV1299, 2025 WL 2675595, at *2 (W.D. Pa. Sept. 18, 2025) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)), appeal dismissed, No. 25-3436, 2026 WL 1683490 (3d Cir. June 8, 2026). These principals reinforce the proposition that, in deciding whether a sufficient showing has been made to vacate an arbitration award, it is not enough to establish that the arbitrator legally or factually erred; instead, a reviewing court must find that the arbitrator's decision exceeded the

---

[2] In Hall Street Associates, LLC v. Mattel, Inc., the Supreme Court observed that some courts had held that "manifest disregard of the law" was an additional ground for vacating an award beyond those listed in FAA Section 10. 552 U.S. 576 (2008) (citing cases). The Hall Street Court, however, disagreed and reiterated that Section 10 provides the exclusive grounds for vacating an arbitration award under the FAA. Id. at 585-89. Nevertheless, the Court did not expressly abrogate the "manifest disregard of the law" standard:

> Maybe the term "manifest disregard" was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them. Or, as some courts have thought, "manifest disregard" may have been shorthand for § 10(a)(3) or § 10(a)(4), the subsections authorizing vacatur when the arbitrators were "guilty of misconduct" or "exceeded their powers."

Id. at 585 (citations omitted). The Court of Appeals for the Third Circuit has not yet weighed in on the debate. *See* Facta Health Inc. v. Pharmadent LLC, No. 23-2224, 2024 WL 4345299, at *6 n.5 (3d Cir. 2024); Sabre GLBL, Inc v. Shan, 779 F. App'x 843, 849 (3d Cir. 2019).

bounds of rationality. In other words, it was "completely irrational." Id. at *3. Here, ABM has failed to raise a substantial argument that supports vacatur under the FAA.[3]

As an initial matter, there is no evidence that Arbitrator Carney demonstrated evident partiality in violation of FAA Section 10(a)(2). As the challenging party, ABM "must show a reasonable person would have to conclude that the arbitrator was partial to the other party to the arbitration." Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1523 n.30 (3d Cir. 1994), aff'd, 514 U.S. 938 (1995). "The showing necessary to prove 'evident partiality' is not easily made; the circumstances surrounding the case must be strongly suggestive of bias." Dauphin Precision Tool v. United Steel Workers of America, Civil Action No. 1:06-CV-2262, 2008 WL 822112, at *6 (M.D. Pa. Mar. 26, 2008), aff'd, 338 F. App'x 219 (3d Cir. 2009); *see also* Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 253 (3d Cir. 2013) (appearance of bias not enough). ABM's arguments that Arbitrator Carney's non-disclosures regarding his perceived social relationship with one of Petitioner's attorneys, as well as the "appearance of impropriety" from a fraudulent email scheme fail to meet this exacting standard.

As Petitioner explains in depth in his briefing, Arbitrator Carney's request for a ride from Attorney Diulus-Myers to the hearing after he broke his foot was made in front of Respondent's counsel and the AAA case manager. At the request of the case manager, Arbitrator Carney then provided a supplemental disclosure regarding his relationship with Attorney Diulus-Myers, which consisted of interactions related to their work together as opposing counsel on a prior ADEA case[4] and the fact that he was aware Diulus-Myers lived somewhere near him although

---

[3] The party moving for vacatur bears the burden of proof. *See* PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh, 19 F.4th 308, 314 (3d Cir. 2021).

[4] Carney had previously disclosed that he and Attorney Diulus-Myers had served as opposing counsel on the prior ADEA case.

he had never seen her in town. Although Arbitrator Carney provided his supplemental disclosure on August 1, 2024 (Doc. 12-25), Respondent did not object to or attempt to disqualify Arbitrator Carney as arbitrator on this ground until November 10, 2025 – after the hearing, after the issuance of the Interim Award and supplement thereto and after the denial of Respondent's Motion for Reconsideration.

Similarly, to the extent Arbitrator Carney and Attorney Sansone fell victim to an email hacking scheme, Attorney Sansone promptly disclosed the fraudulent email exchanges to Respondent and the AAA.[5] In addition to responding to the sender (then believed to be Arbitrator Carney) after the first set of emails in April 2025 that *ex parte* communications were improper, Attorney Sansone reported the exchange to opposing counsel via email in April 2025 (the day after the first emails), to which counsel responded, "[w]e don't think you did anything wrong in this situation." Resp. Ex. 22 at 16. After receiving additional fraudulent emails in August and October 2025, Attorney Sansone again promptly told Respondent's counsel as well as the AAA case manager. When Respondent subsequently wrote to the AAA requesting Arbitrator Carney's disqualification due to bias, the AAA carefully reviewed the accusations, along with Petitioner's written response, and reaffirmed Arbitrator Carney as arbitrator in the case. *See* Docs. 12-25, 12-26, 12-27.

After careful consideration of the arguments and exhibits, the Court agrees with Petitioner that none of the facts or circumstances presented to the AAA or the Court demonstrate any measurable level of bias on behalf of Arbitrator Carney or otherwise meet the exacting Section 10(a)(2) standards for vacatur due to "evident partiality."

---

[5] The parties are familiar with the facts on this point, and the Court will limit its discussions accordingly. *See generally* Doc. 12-25.

Respondent likewise has failed to show that Arbitrator Carney manifestly disregarded the law in rendering his award. To the extent that manifest disregard of the law remains a viable basis for vacatur, the party seeking vacatur must demonstrate that the arbitrator: "(1) knew of the relevant legal principle, (2) appreciated that this principle controlled the outcome of the disputed issue, and (3) nonetheless willfully flouted the governing law by refusing to apply it." Paul Green Sch. of Rock Music Franchising, LLC v. Smith, 389 F. App'x 172, 177 (3d Cir. 2010) (citation omitted). The Court "may not reevaluate supposed inconsistencies in the arbitrator's logic or review the merits of the arbitrator's decision." Id. (citation omitted). "Manifest disregard for the law" entails more than mere legal error or misunderstanding. Franko v. Ameriprise Fin. Servs., Inc., Civ. Action No. 09-09, 2009 WL 1636054 at *4 (E.D. Pa. June 11, 2009) (citation omitted). Instead, "the decision must fly in the face of clearly established legal precedent." Id. (citation and internal quotations omitted). A party seeking vacatur on grounds of manifest disregard "bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined legal principle, but refused to apply it." Id. (citation to quoted source omitted).

Here, Respondent argues that the Arbitrator: (1) identified a clearly-applicable principle of law—that an age-discrimination claimant must prove that he would not have been terminated "but-for" his age—and then utterly ignored it; (2) disregarded the McDonnell Douglas burden-shifting framework, placing the burden of persuasion upon ABM instead of Morian; (3) made a *sua sponte* spoliation finding without any record evidence of spoliation; and (4) awarded damages based on evidence outside the record, then reversed himself and made an entirely manufactured, speculative damages award without evidentiary support. Resp. Br. (Doc. 16) at 17. Respondent's arguments do not meet the applicable burden.

First, the Arbitrator's Interim Award makes clear that the Arbitrator correctly and thoughtfully applied applicable ADEA standards. *See* Doc. 1-2. Respondent admits that Arbitrator Carney identified the appropriate but-for causation principle. Doc. 16 at 17. Respondent's dissatisfaction with the Arbitrator's reasoned application of that principle is not grounds for vacatur. As Petitioner more fully explains in his brief, "but-for" causation does not mean sole causation. *See* McLaughlin v. Int'l Bhd. of Teamsters, Loc. 249, 641 F. Supp. 3d 177, 205 (W.D. Pa. 2022), aff'd, No. 25-1613, 2026 WL 2295776 (3d Cir. Aug. 10, 2026). Thus, the fact that Petitioner's low sales may have played a role in the termination decision does preclude a finding that Petitioner was terminated "but-for" his age. Indeed, the very comparator to whom the Arbitrator pointed – a 14-year younger similarly-situated employee – also had comparable low sales, but was not discharged. *See* Doc. 1-2. Again, it is not the Court's role to reweigh the evidence or second-guess the Arbitrator's findings. For all of the reasons set forth by Petitioner, the Arbitrator's causation analysis is far from irrational.

Second, the arbitration award fails to support Respondent's argument that Arbitrator Carney misapplied the McDonnell-Douglas burden-shifting framework. As the Arbitrator aptly explained in the award, a factfinder's disbelief of the reasons put forward by the defendant may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of a defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination. *See* Interim Award at 9 (citing Reeves v. Sanderson Plumbing, 530 U.S. 133, 147 (2000) and Burton v. Teleflex, 707 F.3d 417, 427 (3d Cir. 2013)). The Court agrees with Petitioner that there is no indication in the award that Arbitrator Carney shifted the burden of persuasion to the Respondent in making this determination. Rather than inverting the burdens as alleged, the Arbitrator was persuaded by Petitioner's evidence and argument that

Respondent's articulated reason for termination was pretextual and that Petitioner instead was terminated because of his age. *See* Pet. Br. (Doc. 22) at 19 (elaborating on the evidence).

Third, Respondent's spoliation argument is misplaced in that it focuses on ABM's disagreement with Arbitrator Carney's application of the law, rather than his disregard for it. It is undisputed that Respondent failed to produce the notes in question, causing Arbitrator Carney to draw an adverse inference of spoliation.[6] As Petitioner explains, regardless of whether Respondent agrees with the inference, "it does not evidence a manifest disregard for the law so as to demonstrate that the Respondent was denied a fair hearing." Doc. 22 at 20.

Fourth, Respondent's challenges to the damages award also reflect a disagreement with Arbitrator Carney's findings rather than demonstrate a manifest disregard of the law. Petitioner complains that Arbitrator Carney included lost commissions in the back pay award rather than relying only on his base salary. "Back pay awarded to a plaintiff is the difference between the wages that the plaintiff would have earned absent discrimination and the wages that he or she actually earned." Durham Life Ins. Co. v. Evans, 166 F.3d 139, 156 (3d Cir. 1999). Here, Arbitrator Carney based his back pay determination on the record evidence, including testimony from one of Respondent's own officials regarding commissions. *See* Doc. 12, Ex. 17 at 2-4. Despite Respondent's mere disagreement, there is no evidence to suggest that Arbitrator Carney's back pay award is completely irrational so as to warrant vacatur.[7]

---

[6] The notes were taken by Petitioner's supervisor, who claimed that he met with Petitioner weekly to discuss sales and took notes of those meetings. The notes were never produced, and Petitioner denied the alleged weekly meetings. *See* Doc. 1-2 (Interim Award) at 5-6.

[7] For similar reasons articulated more fully in Petitioner's Brief and incorporated here, Petitioner's challenge to the hourly rates the Arbitrator used to calculate the attorney fee award likewise fails and does not merit vacatur or a modification of the fee award. *See* Doc. 22 at 21-23.

In short, ABM cannot prove that the arbitration award was "completely irrational," or that Arbitrator Carney manifestly disregarded any clearly defined legal principle in rendering his decision.

For all of the reasons stated above, the Court hereby enters the following:

## II. ORDER

Respondent's Motion to Vacate the arbitration award (Doc. 10) is **DENIED**; Petitioner's Petition to confirm the award (Doc. 1) is **GRANTED**; and the arbitration award, including the damages award, is **CONFIRMED**.

IT IS SO ORDERED.

September 30, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via email):

All Counsel of Record